AUSTIN BROS. v. MONTAGUE COUNTY et al. (No. 905–4814.)

Commission of Appeals of Texas, Section B. Nov. 28, 1928.

Donald & Donald, of Bowie, for plaintiff in error.

T. H. Yarbrough, of Nocona, for defendants in error.

SPEER, J. Austin Bros., a corporation, sued Montague county to recover upon three warrants of $866.65 each, representing the purchase price for certain road equipment, and in the petition alleged that the county, by accepting and appropriating the equipment to its use and benefit, became liable and bound to the plaintiff in the sum of $2,600, which it was alleged was the reasonable value of the same. The county pleaded the invalidity of the warrants, in that they represented a debt payable in future years, and at the time no provision was made for payment of the same, in violation of article 11, § 7, of the Constitution. The plaintiff in its supplemental petition again pleaded that the county, by reason of the acceptance of the articles for which the warrants were issued, and by deriving the benefits therefrom without offering restitution thereof, was estopped from

denying liability therefor. When the evidence was in, the trial court instructed a verdict for the defendant. Upon appeal the Court of Civil Appeals for the Second District affirmed that judgment, upon the holding that the warrants were void. 291 S. W. 628.

It is not necessary for us to decide the point of the validity of the warrant sued on, since we are of the opinion the judgments of the trial court and of the Court of Civil Appeals must be reversed upon another point. If it be conceded that the warrants were void, as being in contravention of the Constitution, nevertheless a general demurrer could not be sustained to the petition; yet the action of the trial court, as affirmed by the Court of Civil Appeals, in excluding the evidence of the reasonable market value of the equipment sold to the county, and in giving a summary instruction for the defendant, is in effect the same as though a general demurrer had been sustained to that part of the petition which sought a recovery upon a quantum valebant.

The question with which we are concerned has quite recently received a very thorough consideration in Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841, wherein Sluder, an attorney, sued the city of San Antonio to recover upon a contract with the city of San Antonio for professional services in its behalf, and in the alternative, if the contract should be held void, upon a quantum meruit for the value of his services, which were alleged to have been received and accepted by the municipality. The contract in that case was one which the city had authority to make, but only by ordinance; it was in fact not made in the method required by the charter, and therefore was treated as being void and unenforceable as a contract. A recovery was permitted, however, upon a quantum meruit. Judge Leddy, for this Section, writing the opinion for the court, reviewed the authorities at great length, not only from this state, but from other states, and announced the conclusion as follows:

"The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof."

He further points out the distinguishing feature of the decision, and shows that such a recovery is not in any sense a recognition of the validity of the contract which the fundamental law has made void, but rather the recovery is upon another principle, to wit, that wholesome implication of law which imposes a duty and legal liability to pay the reasonable value of the property or service of another, accepted and retained under circumstances justifying the assumption that there was an intention to pay. In other words, the recovery is upon an implied contract, and not upon the contract attempted—is for the value and not the contract price of the property or service received and retained. While that was a case of personal service, rather than one involving the receipt of money or property, nevertheless it was pointed out that no just distinction could be drawn in that respect. Indeed, the attempt was made by counsel to draw a distinction against liability where personal services were involved, admitting the rule where personal property was involved.

We do not pass upon the validity of the warrants, since, if the warrants are void, as pleaded by the defendant county, they would constitute no answer to the plaintiff's action to recover the reasonable value of the grader and other road equipment delivered by it to the county, and such issue would be controlling of the case.

We are asked to recommend a rendition of judgment in the event of a reversal; but we cannot do this, for the reason there is no evidence in the record of the reasonable value of the property in controversy. The evidence to show this was duly tendered, but was stricken out upon some undisclosed objection. We cannot render a judgment upon evidence that was excluded. There is no admission in the pleadings or in the record with reference to the facts thus excluded.

We recommend that the judgments of both courts be reversed, and the cause be remanded for another trial, not inconsistent with this opinion.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.