**CLARKE & COURTS v. CRAWFORD et al.**

No. 5935.

Court of Civil Appeals of Texas.

Texarkana.

April 9, 1942.

Long & Strong, of Carthage, and Norman M. West, of Henderson, for appellant.

Sid B. Turner and Clifford S. Roe, both of Carthage, for appellee.

HALL, Justice.

This suit was instituted by appellant, a corporation, against Panola County, W. S. Crawford, County Judge, the County Treasurer, and the four Commissioners of Panola County, appellees, to enforce the payment of certain registered Panola County third class warrants held by it, amounting to $4,157.24.

Appellant averred "that the Commissioners' Court of Panola County has from time to time required and is now requiring the County Treasurer to pay current warrants drawn against the county general fund in preference to warrants drawn in prior years against such fund, with the result that the said warrants issued to plaintiff (appellant) during prior years, although bearing preferential registration numbers to current year warrants have not been paid. * * * That defendants (appellees) have not only refused to redeem plaintiff's warrants from such general fund in the order in which the same are registered, but on the other hand, have paid warrants against the general fund that were drawn and registered since the registration of plaintiff's warrants. * * * That if defendants are permitted to redeem such subsequently issued warrants and also to apply the current tax collections to pay current warrants, this plaintiff will never be able to have its warrants redeemed." Appellant alleged further that there are ample monies in the general fund to pay its warrants.

Appellant prayed for an injunction and mandamus to compel payment of its warrants "as the law directs."

Appellees, after interposing general demurrer and general denial, alleged that appellant knew at the time of the issuance of said warrants sued on that same would not be paid out of current revenues for the years in which said warrants were issued; that "no bids were advertised and none received for the purchase of blank books, stationery and supplies," for which appellant's said warrants were issued, thus rendering them void; that at the time said warrants were issued to appellant, appellee Panola County was insolvent and unable to meet its obligations; and "that it has been impossible for the said county to pay off and discharge any warrants or back indebtedness, and, at the same time pay its current expenses." Appellees alleged also that Panola County is operating under the statute providing for compensating its officers on a salary basis; that after the payment of salaries to the various officers, together with the expenses of their offices, there is a monthly deficit of $2,400; "that it does not now have in its general fund, or in any other fund now applicable to the payment of such claims, sufficient funds to discharge and pay off the salaries of its officers, and, at the same time pay any other warrants issued in previous years, nor, for the current year."

Trial was to the court without a jury, which resulted in judgment for appellant for its debt, ordering appellees to establish an "officers' salary fund" for Panola County; directing the transfer of such funds thereto from the general fund as are necessary to augment other fees and monies legally payable into said officers' salary fund for the payment of the county officers' salaries and expenses; ordering a transfer back from the officers' salary fund to the general fund of all monies remaining in said salary fund at the end of any fiscal year; ordering appellee Panola County "to pay out of any monies so transferred from the officers' salary fund back to the general fund, any warrants lawfully issued against said county's general fund, in the order of their registration, including those certain warrants sued upon herein"; and enjoined and restrained appellees "from redeeming or paying any warrants issued on the general fund out of the order of their registration."

Appellant's 4th proposition is: "Since the undisputed evidence in this case shows, and the trial court found and adjudged, that appellant's warrants were valid obligations of the county, having been duly audited, allowed and registered, and that the same were payable out of the general fund of the county, it was the plain duty of the trial court to issue a writ of mandamus compelling the county treasurer to pay said warrants from said general fund in the due order of their registration." This is a correct proposition of law. It differs materially from the rule expressed in the judgment of the trial court. In the trial court's judgment, warrants drawn and registered against the general fund are ordered to be paid in the order of their registration from monies transferred back to the general fund, if any, from the officers' salary fund, and not from the general fund before it is depleted by a transfer of funds from it to the officers' salary fund. As a basis for its judgment, the the trial court concluded as a matter of law that "said officers' salaries have a priority of payment over the claim of the plaintiff." R.C.S. Article 1625 provides: "Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. *All claims in each class shall be paid in the order in which they are registered."* (Italics ours).

■■■■ In the case of Wilkinson v. Franklin County, 94 S.W.2d 1190, 1191, writ refused, we held that the order of payment of registered warrants such as here involved is governed "by the plain provisions of article 1625, R.S. * * *" that said statute " * * * clearly denotes the order in which warrants drawn against the county treasury are to be paid, and [compliance with its terms] amounts to an appropriation of the funds in the county treasury to the payment of all warrants legally drawn against the several classes of funds in the order of their registration. * * *" that "the order of the commissioners' court of Franklin county * * *

requiring the county treasury first to pay current warrants drawn against the county general fund ahead of senior registration warrants drawn against said fund is violative of article 1625, R.S., and is therefore void." The above holding, in our opinion, is controlling in the disposition of this case. The judgment of the trial court, as well as the conclusions of law upon which it is based, in effect orders the payment of current expenses of Panola County out of the general fund ahead of prior registered warrants legally payable out of said fund. Until the registered warrants of appellant against the general fund of Panola County were paid, there were no monies in said fund transferable to the officers' salary fund, because, as said before, the registration of appellant's warrants amounted to an appropriation of sufficient funds in the general fund to pay off said warrants and was equivalent to a setting aside of an amount of money in the general fund sufficient to pay off and satisfy said registered warrants, and until this was done the Commissioners' Court would have no authority to order the funds transferred from the general fund to the officers' salary fund. This is so by virtue of the plain and unequivocal provisions of Article 1625, R.S. But it is contended by appellees that Vernon's Ann.Civ.St. Article 3912e, known as the officers' salary act, provides for the transfer of funds from the general fund to the officers' salary fund, to augment the fees collected by the officers deposited in the salary fund and the contribution by the Legislature for the payment of the salaries and expenses of the several officers of the county. Article 3912e does provide for the transfer from the general fund to the officers' salary fund "such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom." In our opinion, the above-quoted portion of Vernon's Ann. Civ.St. Article 3912e must be construed in connection with Article 1625 so that both of said acts may stand. Evidently the intent of the Legislature was to authorize the transfer of funds from the general fund to the officers' salary fund, only after the registration warrants legally chargeable to such general fund had been paid off and satisfied. To give to Vernon's Ann.Civ. St. Article 3912e the construction contended for by appellees would amount to a destruction or abrogation of the general fund of Panola County, and would certainly render that portion of said Article directing the transfer of monies from the general fund to the officers' salary fund unconstitutional and void as being inhibited by Section 9, Article 8, Texas Constitution, Vernon's Ann.St., under the holding of our Supreme Court in Carroll v. Williams, 109 Tex. 155, 202 S.W. 504, and the holding of this court in Sanders v. Looney, 225 S.W. 280.

It is our holding, then, that appellant's warrants are a legal charge against all monies coming into the general fund of Panola County and are payable out of said fund in the order of their registration before any monies shall be transferred therefrom to any other fund.

The judgment of the trial court directing the transfer of monies from the general fund to the officers' salary fund is here modified so that said transfer shall not be effected until after the payment of all legal registered warrants drawn against the general fund have been paid in the order of their registration, and as so modified, the judgment is affirmed.