

# THE ATTORNEY GENERAL

## OF TEXAS

Grover Sellers                    AUSTIN 11, TEXAS
XXXGRXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. K. H. Dally          Opinion No. O-5909
County Attorney           Re: Validity of the valuation
Hutchinson County             contract between Hutchinson
Borger, Texas                 County and the firm of
                              Pritchard & Abbott.

Dear Sir:

We have your communication of recent date with-drawing the original contract submitted to us and the new contract in lieu of the original contract is considered herein regarding the validity of the same. It is our un-derstanding that the original contract presented to us will not be executed by the parties in question, and that the contract set forth herein will be executed by said parties if such is valid, in our opinion and the Commis-sioners' Court has the legal power and authority to make a contract such as the one here involved.

The contract in question provides:

"STATE OF TEXAS        *      KNOW ALL MEN BY
COUNTY OF HUTCHINSON*         THESE PRESENTS:

That, WHEREAS, the Commissioners' Court of Hutchinson County, Texas, has determined that it would be wise and to the best interest of said County for it to employ experts skilled in the matter of appraising and valuing oil and gas properties and public utility properties in said County, said experts to compile and furnish data and information to said Court sitting as a Board of Equalization for the purpose of equal-izing valuations of such properties as compared with other property valuations in said County for tax purposes for the year 1944, and said data and information to be made available in respect to all of such properties properly and lawfully coming before it for consideration in the equal-ization of values upon renditions made by the owners thereof, or upon renditions made by the tax assessor where the owner or owners may fail to render the same; and,

"WHEREAS, said Court finds that Pritch-
ard and Abbott, a partnership of Fort Worth,
Texas, are skilled in such matters and have
scientific and technical knowledge in respect
to the appraising and valuing of such proper-
ties and many years experience in the matter
of appraising and valuing such properties; and,

"WHEREAS, Pritchard and Abbott, have pro-
posed to said Commissioners' Court of HUTCHIN-
SON County that they will gather and compile
information relating to the value of oil and
gas and public utility properties as of January
1, 1944, and make said information completely
available to said Court, to be used by it as it
may see fit in determining what values should
be assigned to said properties properly coming
before it for consideration; and will charge
for their services a sum equal to FOUR (4¢)
Cents on each One Hundred Dollars valuation as
finally ascertained and determined for HUTCHIN-
SON County of oil and public utility properties,
or other mineral interests.

"IT IS THEREFORE AGREED by and between
Hutchinson County, Texas, acting herein by and
through its Commissioners' Court, Party of the
First Part, and Pritchard and Abbott, of Tarrant
County, Texas, Parties of the Second Part as
follows:

"Parties of the Second Part agree to compile
a complete list of the record owners of all oil
and gas producing properties wherever situated
and located in Hutchinson County, Texas, and all
undeveloped leases and royalty interests adja-
cent thereto, as of January 1, 1944, said compila-
tion and record to show the particular interest
or interests therein owned; and also a complete
list of all public utility properties located in
said County as of January 1, 1944.

"Parties of the Second Part also agree to
secure and make available for the use of Party
of the First Part information showing the values
of said properties to be considered by Party of
the First Part as it may deem fit in determining
the proper values for tax assessment purposes for
1944, to be assigned to such of said properties as

may come before the Party of the First Part sitting as a Board of Equalization for consideration upon renditions made by the owners thereof, or upon renditions made by the Tax Assessor where the owner, or owners, fail or refuse to render the same.

"FOR AND IN CONSIDERATION of the skilled services, technical knowledge and experience of Parties of the Second Part in the performance of the obligations devolving upon them hereunder, and in consideration of the information given and assistance furnished by them to Party of the First Part in undertaking to value and equalize the value of the said properties properly coming before it for consideration at its equalization hearings in the year 1944, Party of the First Part agrees and obligates itself to compensate Parties of the second part as follows:

"FOR THE SERVICES HEREIN AGREED to be performed Second Party shall receive the said sum equal to FOUR Cents on each One Hundred Dollars valuation on all oil properties, mineral interests, and public utility properties, ascertained and determined by the Commissioners' Court for tax purposes for Hutchinson County for the year 1944, to be paid out of the General Fund of Hutchinson County.

"IT IS FURTHER AGREED AND UNDERSTOOD by both Parties that Hutchinson County, Texas, will issue, or cause to be issued to Pritchard and Abbott warrants drawn against the General Fund of said Hutchinson County, Texas, and payable out of the current revenues of 1944.

"PARTY OF THE FIRST PART hereby specially contracts and obligates itself to, at any time same may become necessary, pass and enter of record such orders as may be proper and necessary to legalize and facilitate the payment of all sums due Party of the Second Part.

"SAID PRITCHARD AND ABBOTT, further agree that in no way will the said Hutchinson County be obligated to said Prichard and Abbott, or their assistants, for salaries, expense, or material, except as above stated.

"WITNESS our hands in duplicate this the ____ day of _____, A. D., 194__.

"COUNTY OF HUTCHINSON
Party of the First Part

By _____
County Judge

_____      _____
Commissioner,              Commissioner, Precinct #2
Precinct #1

                          _____
_____      Commissioner Precinct #4
Commissioner
Precinct #3

"ATTEST:

_____      PRITCHARD & ABBOTT
County Clerk,           Parties of the Second Part
Hutchinson County,
Texas

By _____"

The question involved in this opinion is the validity of the foregoing contract.

The authority of the Commissioners' Court of Hutchinson County as the governing body thereof to make contracts in its behalf is strictly limited to that conferred either expressly or by fair and necessary implication by the constitution and laws of this State. (See Tex. Jur., Vol. 11, pp. 630-634; 15 C.J., pp. 540, 541, Section 233; Foster v. City of Waco, 255 S.W. 1104; Von Rosenberg v. Lovett, 173 S.W. 580; Roper v. Hall, 280 S.W. 298 and authorities cited therein)

We have failed to find any statute expressly authorizing the Commissioners' Court of Hutchinson County to make a contract such as the one under consideration. If the Commissioners' Court of Hutchinson County has the power to make the contract under consideration, such power must come within the implied power possessed by the Commissioners' Court of said County.

The authority of a county commissioners court to make a contract of the character of the one inquired about

in your letter seems to have been settled by the court in the case of Roper v. Hall, supra; in this case the Waco Court of Civil Appeals held, in effect, that the county commissioners' court had the implied authority to employ valuation experts to aid and assist the commissioners' court in discharging its duties when sitting as a Board of Equalization in the matter of the fixing of valuations on oil and gas properties for taxation purposes.

The opinion in the foregoing case has also been followed by the El Paso Court of Civil Appeals in the case of Federal Royalty Company v. State, 42 S.W. (2d) 670.

In the cases of Von Rosenberg v. Lovett, Roper v. Hall, and Federal Royalty Company v. State, cited above, it was held that the authority of the commissioners' court to enter into such contract was derived by necessary implication from the language of the then existing statutes. There is dictum in the case of Marquart v. Harris County, 117 S.W. (2d) 494, to the effect that the commissioners' court has the authority to make provisions for the valuation of property which the tax assessor is incapable of valuing, and that such action does not operate to vest in others the duties which are by law vested in such assessor.

As a matter of law it is difficult to determine whether the contract here involved is one regarding delinquent taxes. However, it is apparent that it is not the intention or the effect of the contract that Pritchard and Abbott should perform the duties imposed by law on any of the county officers concerned. On the contrary, it does appear that its purpose is to merely aid such officers in the effective performance of their respective duties. That is, to aid the commissioners' court when sitting as a Board of Equalization.

We have carefully considered the cases of White v. McGill, 114 S.W. (2d) 860; Easterwood v. Henderson County, 62 S.W.(2d) 85; Aldrich v. Dallas County, 167 S.W.(2d) 560; Sylvna Sanders Company v. Scurry, 77 S.W.(2d) 709 and the authorities cited in said cases in connection with the matters under consideration. Apparently the contracts involved in these opinions were in connection with the collection of delinquent taxes. We do not think that the contracts involved in these cases were the sane kind or type of contracts as the contract under consideration.

Assuming for the purpose of this opinion that the tax assessor-collector and the commissioners' court are not legally

qualified to render the services contracted for and that the firm of Pritchard & Abbott performs no duties imposed by law upon any of the officers concerned, then, the commissioners' court is authorized to make a contract for the valuation of oil and gas properties which the tax assessor-collector and commissioners' court is incapable of valuing, and that such action does not operate to vest in others the duties which are by law vested in such county officials. Stated another way, it is our opinion that the commissioners' court may validly employ skilled experts to value for taxation purposes property in special instances where technical equipment, training and skill is required, providing proper provision has been made in the county's budget to pay for such services.

In view of the foregoing authorities, it is our opinion that the contract quoted above is valid and that the Commissioners' Court has the legal authority to make and execute such contract.

The necessity of making and execution of the contract must be determined by the Commissioners' Court. This department has no authority to pass upon the question as to the necessity of the contract, this matter is wholly within the discretion of said court.

It should be borne in mind that the claims of Pritchard and Abbott must be registered in compliance with Article 1625, Vernon's Annotated Civil Statutes, and that the firm of Pritchard and Abbott have no priority of claim by reason of said contract. (See the cases of Wilkinson v. Franklin County, 94 S.W.(2d) 1190, and Clark and Courts v. Crawford, et al. 161 S.W.(2d) 148.

APPROVED MAR 18, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY GCB, Chairman

AW:ncd:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
C. F. Gibson, Assistant

/s/ Ardell Williams
Ardell Williams, Assistant