**FIRST STATE BANK & TRUST COMPANY OF RIO GRANDE CITY,**
Texas, Appellant,

v.

**M. J. RAYMOND, Appellee.**

**FIRST STATE BANK & TRUST COMPANY OF RIO GRANDE CITY,**
Texas, Appellant,

v.

**L. Hamilton LOWE, Appellee.**

Nos. 10265 and 10266.

Court of Civil Appeals of Texas. Austin.

Jan. 26, 1955.

Hill, Lochridge, King & Hodson, Mission, for appellant.

Archer & Archer, Austin, for appellees.

GRAY, Justice.

Appellees filed their separate suits against appellant and recovered separate judgments. However, on appeal the causes were consolidated and will be here treated as one cause.

Appellee Lowe is the named payee in two checks issued by the Treasurer of Starr County, and appellee Raymond is the payee named in one check issued by said Treasurer. The three checks are dated October 20, 1953.

Appellant is the Depository for Starr County.

The above checks were presented to appellant for payment, payment was refused and appellees filed their respective suits and prayed for judgments against appellant for the amount of the checks, a penalty of ten per cent of the amount thereof under the provisions of Art. 2552, Vernon's Ann.Civ. St., and interest. In the alternative appellees prayed for a writ of mandamus requiring appellant to pay the checks, a penalty of ten per cent and interest.

Appellant answered in both suits and thereafter appellees filed their motions for summary judgments. Appellant filed its answer and affidavits in opposition to appellees' motions. Summary judgments were rendered.

Appellees are practicing attorneys and as such they appeared in various causes both in the trial court and on appeal. Some of these causes proceeded to final judgment in 1951, however one cause, McClellan v. Guerra, 152 Tex. 373, 258 S.W.2d 72, was not finally concluded until June, 1953.

Under date of February 11, 1952, appellee Raymond filed his claim for attorney's fees with the commissioners' court of Starr County. This claim was for $9,000 and on April 17, 1952, $5,000 was paid on the claim which sum is not in question here. On February 14, 1953, an order approving the balance of the claim was entered. A warrant was issued February 19, 1953, which was registered and later presented to the county treasurer who on October 20, 1953 issued a check drawn on appellant and payable to appellee Raymond for $4,000.

Under date of January 12, 1953, appellee Lowe filed his claim for attorney's fees with the commissioners' court in two separate amounts: for $1,500 and for $3,500. On January 15, 1953, the commissioners' court entered its order approving the claims. Thereafter on January 31, 1953, two warrants were issued which were registered and were presented to the county treasurer

and on October 20, 1953, checks were drawn on appellant payable to appellee Lowe for the amounts of the respective warrants.

On October 20, 1953, appellees presented their checks to appellant for payment, however the checks were not then paid but receipts were given for the checks. On November 10, 1953, appellant, by letters returned the checks to appellees and stated that the checks were being returned "as advised by our attorneys." Appellees' suits were filed November 18, 1953.

Appellant says that the above warrants and checks are void because: they were issued for claims for which Starr county is not liable; they were issued for services for which no contract had previously been made, and that the same represented 1951 obligations of Starr county the payment of which had been enjoined by the terms of a temporary injunction issued in the cause of Guerra v. McClellan, Tex.Civ.App., 250 S.W.2d 241, 245. We quote the order of the Court in that cause:

"The order of the trial court is reversed and, during the pendency of this suit, the appellees and each of them are hereby enjoined from paying out any sums of money upon 1951 obligations of Starr County not provided for in the original budget for the year 1951, adopted on the 11th day of September, 1950. This injunction is dependent upon appellant's executing a bond in the sum of $5,000, conditioned as the law provides."

The above cause was affirmed. McClellan v. Guerra, supra.

The only showing in the record before us relative to the provisions for attorney's fees in the 1951 budget is a provision for $1,000 for such fees which sum was exhausted. Further there is no effort made to separate the services rendered by appellees during 1951 from such services rendered during other years.

There is in the record before us the affidavit of the treasurer of Starr County stating that on October 20, 1953, there was on deposit to the account of the general fund of the county (the fund against which the checks were drawn) more than enough money to pay appellees' checks and all other outstanding registered warrants.

We recognize that a collateral attack may be made on a void order of the commissioners' court. See 11 Tex.Jur., Sec. 39, p. 566, et seq. However appellees' claims as presented to the commissioners' court were for services rendered to the county and regardless of whether there was any prior contract for such services if the same were rendered and were accepted by the county then the county was liable for the reasonable value of such services even if rendered on a void contract. Austin Bros. v. Montague County, Tex.Com.App., 10 S.W.2d 718; Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841, 844, wherein the Court said:

"The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof. This principle is, we think, supported by the great weight of authority."

The filing of the claims with the commissioners' court purporting to be for services rendered to the county presented to that Court the duty and obligation of examining the claims and of allowing or refusing them. The orders before us show the claims were allowed and were ordered paid. These orders have the force and effect of a judgment. 11 Tex.Jur. p. 680, Sec. 129. Under the circumstances there was presented to the commissioners' court the questions: Whether the services were rendered for the benefit of the county? The reasonable value of such services? and The receipt by the county of the value of the services? By auditing and allowing the claims that Court necessarily adjudicated those questions, and in the absence of

fraud or collusion, which is not here charged, its orders must be given the force of judicial acts. 11. Tex.Jur. p. 680, Sec. 129.

█ Art. 2552, supra, provides:

"It shall be the duty of the depository or depositories to pay, upon present-ment at the county seat of the county, or in the case of 'time deposits' to pay upon presentment after the expiration of the period of notice agreed upon, all checks or warrants drawn by the county treasurer upon the funds of said county deposited with said depository or de-positories, as long as such funds shall be in the possession of such depository subject to such checks or warrants. For every failure to pay such check or warrant at such county seat either upon presentment in case of 'demand depos-its,' or upon presentment after the ex-piration of the period of notice re-quired in the case of 'time deposits' said depository or depositories shall forfeit and pay to the holder of such check ten per cent (10%) of the amount thereof; and the Commissioners Court shall revoke the order creating such depository or depositories."

This statute is penal in its nature and must be strictly construed and applied.

The duties of county depositories are regulated by statute and they are required to faithfully keep and account for all coun-ty funds deposited with them according to law.

██ It is suggested in the record that appellant was a party to the foregoing in-junction proceeding and that appellees were attorneys in that cause. The parties here then were not only bound by the injunction but had actual notice of all its conditions for which reasons appellant should not be penalized for its obedience to that order. That injunction prohibits appellant from paying out any funds for 1951 obligations and since the checks in question here are, in part at least, for services rendered in 1951 for which provisions were not made in the county budget for that year, they can-

not be paid until relieved from the force of that order.

We are mindful of the language of the Court in Guerra v. McClellan supra [250 S.W.2d 245] that:

"In connection with the scope and extent of our holdings, we point out that this is not a case involving the pri-ority of claimants in and to county funds for particular years, nor is it a case wherein a purported creditor is suing upon a claim."

However the Court included in its in-junction "1951 obligations of Starr county not provided for in the original budget for the year 1951."

The judgment of the trial court awarding a recovery against appellant is reversed and judgment is here rendered that appellant pay to the legal holders of the three checks the amounts thereof from the general fund of Starr County on deposit with it. How-ever no process shall issue on this judgment until the three checks in question here have been released from the force and effect of the above injunction.

Reversed and rendered with instructions.