**COUNTY OF ANGELINA, Texas, et al.,
Appellants,**

v.

**Joe H. O'QUINN, Appellee.**

No. 6960.

Court of Civil Appeals of Texas.

Beaumont.

May 23, 1968.

McVicker & Evans, Lufkin, for appellants.

H. R. Rolston, Lufkin, for appellee.

PARKER, Justice.

This was a suit by appellants, Allen and Modisette, as well as the Commissioner's Court of Angelina County, for writ of mandamus to compel Joe H. O'Quinn, the Treasurer of Angelina County, Texas, to sign and pay certain specified Angelina County payroll checks, one payable to Johnnie Allen and the other payable to James Modisette, in payment for work performed by them as road hands in and for Angelina County, Texas, during the month of July, 1967. The suit was founded on orders and judgments of the Commissioner's Court of Angelina County, Texas. Trial was before the court without a jury. Judgment was rendered and entered denying the writ of mandamus.

The trial court made findings of fact and conclusions of law in accordance with the pleadings of the County Treasurer as follows:

### Findings of Fact

1. That plaintiff Johnnie Allen was related to County Commissioner L. T. Parker in the second degree by affinity, and in the third degree by consanguinity.

2. That plaintiff James Modisette was related to County Commissioner L. T. Parker in the second degree by affinity.

3. That such employment of Johnnie Allen and James Modisette by Commissioner L. T. Parker, was illegal and contrary to the laws pertaining to Nepotism.

### Conclusions of Law

1. That the remedy of Mandamus is not available to compell [sic] the performance of an illegal act.

2. That plaintiffs Johnnie Allen and James Modisette have a remedy at law

that is adequate, hence resort could not be had to Mandamus.

■ Appellants contend this cause should be reversed and mandamus should issue because of error of the court in finding that Allen and Modisette had an adequate remedy at law, and because the orders of the Commissioner's Court had the force and effect of a judgment and were not subject to collateral attack. Such appellants brought this mandamus suit on the basis of quantum meruit. Allen and Modisette, in their verified pleadings, each alleged that he had worked for Angelina County, Texas for four weeks during the month of July, 1967, that he had not been paid for his labors, that the plainest principles of justice require that Angelina County, Texas should not be permitted to receive and retain the benefits of his work and labors without paying the reasonable value thereof, that the amount of money heretofore agreed to be paid to him by the Commissioner's Court represents reasonable value for such services, work and labor. The payroll account of each man was presented to the County Auditor of Angelina County to audit, who approved for payment such accounts and submitted the same to the Commissioner's Court. Said Court approved the payment of the accounts to said employees, and the two payroll checks were duly prepared and presented to the Treasurer for his signature. Such payroll checks were numbered 7721 and 7723. It is undisputed that the Commissioners' Court of Angelina County did cause to be issued the payroll checks made the subject matter of this law suit, which checks were issued, approved, and countersigned by the County Clerk of Angelina County, Texas, and were audited, approved, issued, and countersigned by the County Auditor of Angelina County, Texas. The County Treasurer, Joe H. O'Quinn, refused to countersign said checks. After a report was made to the Commissoners' Court of Angelina County, Texas that the County Treasurer refused to countersign such checks, on August 1,

1967, such Commissioners' Court of Angelina County, Texas rendered and entered the following judgment:

## FINDINGS OF FACT, RESOLUTION AND ORDER

WHEREAS, the Commissioners Court of Angelina County, Texas, prior to the 17th day of July, 1967, did duly issue and cause to be issued, payroll check Number 7721, in the net amount of $186.29, and made payable to Johnnie Allen, for work and labor done and performed by him for the benefit and in behalf of Angelina County, Texas, and payroll check Number 7723, in the net amount of $169.99, and made payable to James Modisette, for work done and labor performed by him for the benefit of and in behalf of Angelina County, Texas.

That thereafter, report was made to the Commissioners Court of Angelina County, Texas, that the County Treasurer, Joe H. O'Quinn, refused to counter-sign said payroll checks; that thereafter, on the 17th day of July, 1967, the Commissioners Court of Angelina County, Texas, by a unanimous vote of its members passed a resolution ordering and directing the County Treasurer, Joe H. O'Quinn, to affix his signature to Angelina County payroll check Number 7721 and number 7723, all in accordance with the provisions of V.A.R.C.S. of Texas, as amended.

Whereas, after copy of said Resolution was furnished the County Treasurer, report was made to the Commissioners Court that he still refused to sign said payroll checks.

And Whereas, on the 19th day of July, 1967, the Commissioners Court of Angelina County, Texas, by a unanimous vote of its members, passed a second resolution requiring and directing the County Treasurer, Joe H. O'Quinn, to affix his signature on said payroll checks.

And Whereas, heretofore the Commissioners Court of Angelina County, Texas, did issue and cause to be issued payroll checks number 7845 in the net amount of $203.08, and made payable to Johnnie Allen, representing money due Johnnie Allen for services rendered and work done and labor performed by him for the benefit of and in behalf of Angelina County, Texas, during the last two weeks of July, 1967, and number 7847, in the net amount of $171.84 and made payable to James Modisette, representing money due James Modisette for services rendered, work done and labor performed by him for the benefit of and in behalf of Angelina County, Texas during the last two weeks of July, 1967.

That payroll check number 7721, 7723, 7845 and 7847 were all duly issued and caused to be issued by the Commissioners Court of Angelina County, Texas; that each of the checks were approved, issued and counter-signed by Paul Selman, the County Clerk of Angelina County, Texas; that each of the checks were and have been audited, approved, issued and counter-signed by Maurice Hicks, the County Auditor of Angelina County, Texas.

That report has been made to the Commissioners Court of Angelina County, Texas that Joe H. O'Quinn, the County Treasurer of Angelina County, Texas, has refused and refuses to counter-sign, or affix his signature to any and all of the payroll checks above referred to.

Therefore, be it resolved, that the Commissioners Court finds that the services rendered, the work done and the labor performed by James Modisette and Johnnie Allen, for the benefit of Angelina County, Texas was performed in a workmanlike manner and that Angelina County accepted the benefits of each of their efforts and that each of them, the said James Modisette, and Johnnie Allen, is entitled to collect, receive and recover from Angelina County,

Texas, the reasonable value of his services as the result of express work contracts with Angelina County, Texas and/or on the basis of a quantum meruit.

The Commissioners Court feels, believes and so finds that common honesty and fair dealing require in this matter that the County should not be permitted to receive the benefits of the services of these workers without paying therefor.

WHEREFORE, being ever mindful of the above, be it RESOLVED that the Commissioners Court further finds that the amount of money heretofore agreed to be paid to Johnnie Allen and James Modisette is a reasonable amount in keeping with the services rendered to Angelina County by the said Johnnie Allen and James Modisette.

BE IT FURTHER RESOLVED that the Commissioners Court of Angelina County, Texas require and direct, by virtue of the powers vested in said Court, and it does require and direct, Joe H. O'Quinn, the County Treasurer of Angelina County, Texas, to counter-sign, or affix his signature to Angelina County payroll checks number 7721 and 7845, both made payable to Johnnie Allen and to counter-sign, or affix his signature on Angelina County, Texas payroll checks number 7723 and 7847, both made payable to James Modisette.

Passed and entered on this the 1st day of August, 1967.

The foregoing is not subject to collateral attack. It is part of the verified pleadings of appellants.

Article 5, Sections 1 and 18, of the Constitution of the State of Texas, Vernon's Ann.St., provide the County Commissioner's Court shall exercise such power and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

The courts of Texas are limited in their jurisdiction as to the division of judicial power between them, but within their respective limits, they are courts of general jurisdiction as distinguished from those of special jurisdiction. The order of a Commissioners' Court, acting judicially, is judgment of a court of record, not subject to collateral attack, and is reviewable only upon appeal or in direct action for that purpose. Ashburn Bros. v. Edwards County, 58 S.W.2d 71 (Tex. Com.App., Section A, 1933). Article 2351, V.A.C.S., defines the powers and duties of a Commissioner's Court. Article 2351 provides such court shall:

4. Build bridges and keep them in repair.

5. Appoint road overseers and apportion hands.

6. Exercise general control over all roads, highways, ferries and bridges in their counties.

10. Audit and settle all accounts against the county and direct their payment.

Appellee, the County Treasurer, is attempting to make a collateral attack on the August 1, 1967 judgment of the Commissioner's Court, which is not authorized.

The controlling question with which we are concerned received consideration in Sluder v. City of San Antonio, 2 S.W.2d 841 (Tex.Com.App., 1928), cited with approval in Dozier v. City of Gatesville, 51 S.W.2d 1091 (Tex.Civ.App., 1932), and in Austin Bros. v. Montague County et al., 10 S.W.2d 718 (Tex.Com.App., holdings approved by S.Ct.). These decisions hold that regardless of whether a contract was valid or not that under such facts as appear in the instant case, the county must pay for the reasonable value of the services rendered and accepted. Such opinions approve this principle in this language:

The rule thus firmly established by the courts of this state rests upon the obliga-

tion of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof.

■ The Commissioner's Court did not neglect or refuse to audit and allow these claims, or any part thereof. Under Article 1573 V.A.C.S., this left Modisette and Allen without an adequate remedy at law for they could not maintain a suit against the Commissioner's Court which had allowed their claim.

Judgment of the trial court is reversed and judgment here rendered that mandamus issue ordering Joe H. O'Quinn, Treasurer of Angelina County, to forthwith affix his signature to Angelina County, Texas payroll checks numbers 7721 and 7723, payable to Johnnie Allen and James Modisette, respectively, and that such checks be paid.