

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 24, 1971

Honorable Alex R. Tandy
County Attorney
Parker County Courthouse
Weatherford, Texas 76086

Dear Mr. Tandy:

Opinion No. M-1001

Re: Whether Parker County Hospital
District was properly charged
for portion of attorneys' fees in-
curred in defending tax injunction
suits against County and others.

You initially requested the Opinion of this office on two questions which, through subsequent correspondence and telephone conversations, were reduced, in substance, to the following:

Was Parker County Hospital District properly charged with a portion of the attorneys' fees charged in connection with defending two suits to enjoin the collection of taxes for Parker County for itself and for the political subdivisions carried on the tax rolls of Parker County? We answer this question in the affirmative.

We have examined the facts submitted to us both by you and the attorneys involved. These include: (1) a letter from the county judge to the attorneys confirming their employment in defending the two injunction suits, and (2) your most recent letter in which you assert that your inquiry is motivated by the objection or complaint of the Parker County Hospital District. From these it has become evident that the matter covered by your question has been fully and finally resolved insofar as all parties involved are concerned, except that the hospital district does not want to pay for its proportionate part of the attorneys' fees.

From all of the materials submitted, we will briefly summarize the material facts.

Parker County had entered into a contract for the collection of de-linquent ad valorem taxes in the usual form furnished by the Comptroller of Public Accounts of the State of Texas and "approved as to substance and form

only" by the Attorney General. The compensation stipulated in said con-tract was in the amount of fifteen per cent (15%) of the taxes, penalties and interest collected, and is authorized by Articles 7335 and 7335a, Ver-non's Civil Statutes. Thereafter, an original suit was filed in 1969 against the Weatherford Independent School District and Parker County by Brazos Electric Power Cooperative, Inc., hereinafter referred to as "Cooperative," seeking to enjoin the collection of taxes on property owned by the Coopera-tive. Subsequently, the Cooperative filed a second suit against Parker County in 1970 to enjoin the collection of 1970 taxes. Both of these suits were consolidated, and Parker County filed a compulsory counterclaim for the collection of 1969 delinquent taxes and for 1970 taxes. The Parker County Commissioners Court employed the firm of attorneys representing the county in the delinquent ad valorem tax suits to represent the county and the other taxing jurisdictions (including the hospital district), for which Parker County assessed and collected ad valorem taxes, in the two separate and independent tax injunction suits brought against the County. While the hospital district was not made a formal named party to the two injunction suits, it was constructively a party. It was included in the judgment as en-titled to recover a portion of the taxes. The County Tax Assessor-Collector was made a party, and he had a mandatory duty to assess and collect the hospital district's taxes, with authority to act in all respects according to the laws of the State of Texas relating to state, county, and district taxes. Section 16, Acts 59th Leg., R.S., 1965, Ch. 35, p. 93, S.B. 283. Further-more, under that statute, Section 17 made it the duty of the County Attorney, District Attorney, or Criminal District Attorney not only to represent the county in civil matters but also "to represent the hospital district in all legal matters." In addition, the hospital district is required to contribute sufficient funds to the General Fund of the County to pay all additional salaries and ex-penses incurred in order for these officers to perform their required duties for the hospital district.

The attorneys employed by the County to assist the County Attorney representing the county and the taxing jurisdictions represented by the county were entitled to be compensated a reasonable fee for their services, apart from the fifteen per cent (15%) statutory fee to which they were entitled for any separate litigation in the collection of delinquent taxes. The amount of the fee charged and paid was below that suggested for such services by the minimum fee schedule, and it is not contended that it was excessive in this respect.

Following a judgment in favor of the Defendants and Cross-Plaintiffs, and pending appeal, an agreement was reached under the terms of which (1) all court costs were paid by the Cooperative and (2) recovery was granted to the State of Texas, Parker County, and all political subdivisions and districts whose taxes were collected by the Assessor and Collector for Parker County, for their taxes, penalty and interest due for the year 1969, and taxes and interest due for the year 1970. Parker County Hospital District is a political subdivision whose taxes are assessed and collected by Parker County, as hereinabove observed. Parker County Hospital District was created in 1965. Acts 59th Leg., R.S., Ch. 35, p. 93. Under the provisions of this Act, District taxes are assessed and collected on county tax values in the same manner provided by law for county taxes. Section 16 provides in part:

". . . The Tax Assessor-Collector of Parker County shall be charged and required to accomplish the assessment and collection of all taxes levied by and on behalf of the District." (Emphasis added.)

Furthermore, that Tax Assessor-Collector, in assessing and collecting the taxes levied by the District, is required to deduct from payment to the District a one per cent (1%) fee for assessing and a one per cent (1%) fee for collecting taxes. The balance of the taxes are then deposited in the District's depository.

"In all matters pertaining to the assessment, collection, and enforcement of taxes for the District the County Tax Assessor-Collector shall be authorized to act in all respects according to the laws of the State of Texas relating to state and county taxes." Supra, Sec. 16, pp. 98-99. (Emphasis added.)

The suits ultimately resulted in the recovery of the delinquent taxes due all taxing jurisdictions, including those due the hospital district; and in our opinion the hospital district was properly charged its pro rata share of the fees attributable to the delinquent taxes recovered in its behalf. Parker County Hospital District also was properly charged with its portion of the attorneys' fees charged in connection with the defense of the two suits to enjoin collection of taxes for Parker County, on its behalf and in behalf of the political subdivisions carried on the tax rolls of Parker County, including the hospital district.

Section 17 of Chapter 35 also fortifies this conclusion.  It reads as follows:

"It shall be the duty of the County Attorney, District Attorney or Criminal District Attorney, as the case may be, charged with the duty of representing the county in civil matters, to represent the hospital district in all legal matters; provided, however, that the Board of Directors shall be authorized at its discretion to employ additional legal counsel when the Board deems advisable. " (Emphasis added. )

In the instant case, the Board of Directors did not see fit to employ "additional legal counsel, " and we must presume, therefore, that such inaction on the part of the Board amounted to an authorization, not actually needed, of the actions of the attorneys employed by the Commissioners Court in their behalf.  It was not necessary for the hospital district to enter into a contract to pay the Delinquent Tax Collector any fee; nor was it necessary for the hospital district to have been a formal party to the injunction suits or to have been consulted during the proceedings in order for it to be charged its pro-rata share of the court costs, or expenses of litigation.  The Court itself recognized this and necessarily proceeded on this premise in rendering judgment specifically for Parker County and for the use and benefit of all political subdivisions and districts whose taxes are collected by the Assessor-Collector of Taxes for Parker County.  It may not accept the benefits of the services and the tax monies collected without also having to share in the obligations or expenses incurred in that connection.  It may not receive the benefits of the contract without paying the reasonable value of the benefits so received, same being its proportionate part of the attorneys' fees in question.  See Angelina County v. O'Quinn, 429 S. W. 2d 211 (Tex. Civ. App. 1968, no writ); Hoffman v. Davis, 128 Tex. 503, 100 S. W. 2d 94 (1937); Sluder v. San Antonio, 2 S. W. 2d 841 (Tex. Comm. App. 1928. )

## SUMMARY

Parker County Hospital District is properly chargeable with a portion of the attorneys' fees charged pursuant to a contract by Parker County for defense of two tax injunction suits brought to restrain the collection of taxes for Parker County for itself and the po-

litical subdivisions (which include the hospital district), carried on the county tax rolls. Acts 59th Leg., R.S., 1965, Ch. 35, p. 93, S.B. 288.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W.E. Allen, Acting Chairman

Jim Broadhurst
Marietta Payne
Sig Aronson
J.C. Davis

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant