## THOMPSON BROWN, ET AL. v. WM. H. GRAHAM, ET AL.

### SUPREME COURT, GALVESTON TERM, 1883.

*Special Taxation-Power of Commissioners' Courts to levy Tax for Addition to Public Buildings.* —It is no more than a reasonable construction of language to hold that power to erect an entire building expressly authorizes the construction of a portion of it.

Opinion by Willie, C. J.— The County Commissioner's Court of Dewitt county levied a special tax in the year 1881, of one-fifth of one per cent. for the purpose of building an addition to and repairing the court house. A large number of the tax-payers of the county united in sueing out an injunction restraining the collection of the tax on the alleged ground, that the county had no power under our constitution and laws to impose a special tax for building an addition to a court house. A general demurrer to the bill of injunction was sustained below and the suit dismissed, and this judgment is brought here for revision.

Art. 8, Sec. 9, of the constitution provides, that no county shall levy more than one-half of the state tax, except for the payment of debts already incurred and for the erection of public buildings not to exceed fifty cents on a hunderd dollars in any one year. Art. 1515, Rev. Stat., is to the effect that this special tax shall not be levied except for the payment of debts incurred prior to April 18, 1876, and for the erection and repair of public buildings. The statute of 1879 gives the county commissioner's court power to levy such special tax to raise a fund to erect or complete a complete payment for the construction of court houses or jails. It is claimed that the power to erect, repair or complete a public building, does not include the power to make an addition to it. It is true, that the county commissioner's court can levy no taxes, unless the power to do so be plainly and unmistakably conferred. The authority must be given either in express words or by necessary implication. (2 Dillon v. Mun., Cor. Sec. 763.) It is no more than a reasonable construction of language to hold that power

to erect an entire building expressly authorizes the construction of a portion of it. It certainly does by necessary implication.

Should the commissioner's court come to the conclusion that a larger court house is needed to meet the demands of the public business of their county, and agree upon its plan and specifications, and find that they can secure a building conforming to them in every respect, either by erecting a new structure, or altering, repairing and enlarging the old one, and that the latter mode will be less expensive by half, than the former, is there any reason in holding that they can levy the tax for the same expense of attaining their object when they could not for the other. Though the structure is precisely the same in every particular. The object of the foregoing provisions of our constitution and statutes was to enable the different counties to provide suitable public buildings, leaving it to the judgment of the proper authorities whether this should be done by building new houses, or by repairing and adding to old ones, when they could thus be rendered suitable to the purposes of the county. The word "erect" contained in all the foregoing provisions was the most comprehensive term that could be used to enhance all such improvements. To hold that a county, when a court house with proper repairs and additions could be rendered commodious and useful in every respect, must pull it down and build an entirely new one would be to charge our lawyers with an intent to encourage an unnecessary expenditure of the public money. Such a constitution would not in itself authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to an act not mentioned in terms, such construction of it is greatly aided by consideration of public advantage which it would certainly produce.

The point made by appellant that the act of 1879 responds by implication, Art. 1515, Rev. Statute, is immaterial since the same general term is used in both acts, and the authority to levy the tax may be derivied from either.

The judgment of the court below is affirmed.