SANDERS v. LOONEY et al.  (No. 2313.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 12, 1920.  Rehearing Denied
Nov. 25, 1920.)

1. Counties ⬦⊃192—Special tax may be levied for repair of courthouse and jail.

Under Const. art. 8, § 9, and Vernon's Sayles' Ann. Civ. St. 1914, art. 2242, commissioners' court may levy and collect a special tax for the repair of the courthouse and jail.

2. Counties ⬦⊃195—Special tax for repair of jail and courthouse not transferable to other funds.

A special tax, collected to repair a courthouse and jail, cannot be transferred to the general fund or road and bridge fund to· pay current claims, but can be used only for the repair of the courthouse and jail.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by W. D. Sanders against J. D. Looney and others.  Judgment for defendants, and plaintiff appeals.  Reversed, and temporary injunction granted.

Sid Crumpton, of Texarkana, for appellant.
Geo. W. Johnson, of New Boston, and Mahaffey, Keeney & Dalby, of Texarkana, for appellees.

LEVY, J.  On August 11, 1919, the commissioners' court of Bowie county made a tax levy as follows:

"It is ordered, adjudged, and decreed by the court that there be levied and collected for the year 1919 for Bowie county, Tex., and from all persons and property taxable under the law in said county as follows, to wit:  A tax of 25 cents on the $100 valuation of all taxable ·property for general purposes for said county. A tax of 15 cents on the $100 valuation of all ·taxable property for road and bridge purposes for said county.  A tax of 10 cents on the $100 valuation of all taxable property for jury purposes for said county.  A tax of 23 cents on the $100 valuation of all taxable property for courthouse and jail repair purposes for said county.  * * *"

On March 22, 1920, the appellant, a taxpayer, applied to the district judge for a temporary injunction restraining the collection of the special tax "of 23 cents on the $100 valuation of taxable property for. courthouse and jail repair purposes for said county," upon the ground that the county had no power under the Constitution and laws to impose a special tax for repairing the courthouse and jail.  The petition also alleged:

"Plaintiff would further represent that there has been collected from the taxpayers of this county by reason of the order and levy of said twenty-three cents for Court House and Jail repair purposes approximately the sum of forty-one thousand dollars, and it is now in the hands of W. J. Simmons, County Treasurer of Bowie County, Texas, and unless the court issue the writ of injunction the said W. J. Simmons as County·Treasurer will pay out of said fund upon warrants drawn for other and general purposes and will divert said fund from its lawful purpose."

The prayer was to temporarily restrain the tax collector from collecting $146.11 as the special tax against the plaintiff's property, and to restrain the county treasurer from paying "out of said fund warrants drawn against said fund for any other purposes than to pay debts incurred by reason of the·repairing of the court house and jail."  The defendants specially denied the alleged facts, except as to transfer of the special fund to other funds.  After hearing the evidence a temporary restraining order was denied, and the appeal is from that order of the judge.

The three grounds of complaint by the appellant are:  (1) That the levy of the special tax for repairs of the courthouse and jail was only a subterfuge and evasion to raise funds to meet other expenses and replace deficits by transferring and diverting the special fund to the general or some other fund ; (2) that the levy of special tax is void because there is no constitutional or statutory authority to levy a special tax for repairs of the courthouse and jail; and (3) that if the tax levy is valid, the commissioners' court has unlawfully transferred the fund to a different fund and for other purposes.

The first ground of complaint we think should be overruled, because there is involved in the judgment of the trial judge the finding of fact that the tax levy was made in good faith,. and not as a subterfuge or evasion as alleged.

[1] The second ground of complaint we conclude should also be overruled.  Article 8, § 9, of the Constitution provides:

"And no county, city or town shall levy more than twenty-five cents for city or county purposes, * * * and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year. * * *"

And article 2242, Vernon's Sayles' Civil Statutes, provides:

"Said court [commissioners'] shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollar valuation * * * and for the erection of public buildings, streets, sewers, water-works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year. * * *"

The wording of the Constitution and statute are, as seen, the same.  It enjoins upon the commissioners' court the duty to provide by special tax .for the erection of public

buildings and other permanent improvements. A courthouse and jail are in their nature public buildings, and the spirit at least of the law is both to require the commissioners to erect in the first instance a courthouse and a jail and then to keep them in suitable condition for the purposes of public buildings. In construing the very article of the Constitution above the Supreme Court said, in a case involving the levy of a special tax for repairs and additions to a courthouse:

"The word 'erect,' contained in all the foregoing provisions, was the most comprehensive term that could be used to embrace all such improvements. To hold that a county whose courthouse, with proper repairs and additions, ·could be rendered commodious and useful in every respect, must pull it down and ·build an entirely new one, would be to charge our lawgivers with an intent to encourage an unnecessary expenditure of the public money. Such a consideration would not, in itself, authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to do an act not mentioned in terms, such construction of it is greatly aided by considerations of public advantage which it would certainly produce." Brown v. Graham, 58 Tex. 254.

As the commissioners' court had the power to levy the special tax, the levy would not be void for lack of authority to make the levy.

[2] The third ground of complaint we think should be sustained. The record undeniably admits that the commissioners' court has made an order transferring the special fund to the general fund and to the road and bridge fund. The order of January 14, 1920, reads:

"It is therefore ordered by the court that the sum of $5,000 be, and the same is hereby, transferred from the courthouse and jail repair fund to the general funds, and the county treasurer is authorized to make said transfer upon his records."

The above transfer was "to pay current claims now against said general fund." And on January 15, 1920, the court ordered $8,000 of this special fund transferred to the road and bridge fund "to pay current claims." The county treasurer said:

"My book, vol. 19, page 457, shows that there was transferred from the courthouse and jail repair fund by the commissioners' court, on January 26, 1920, to the general fund, the sum of $5,000. Also on that date there was transferred to the road and bridge fund the sum of $8,000 by order of the court."

It was alleged by applicant, and not specially denied, that the funds are "now in the hands of the county treasurer." The transfer of the special fund was not permissible and was void. Carroll v. Williams, 202 S. W. 504. The temporary injunction should have been granted, restraining the county treasurer, as prayed for, from paying any county warrant or scrip drawn for any service or purpose than to pay for repair of the courthouse and jail, out of the funds transferred from the courthouse and jail repair fund; and accordingly the judgment is reversed and here entered, granting the temporary injunction as above.

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes