

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN       AUSTIN 11, TEXAS

XXXXXXXXWILSONXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:       Opinion No. O-413
      Re: Purchase of right-of-way out of gener-
      al funds - raising money for one pur-
      pose and spending it on another.

      Your request for an opinion as to whether your Com-
missioners' Court can raise money for purchase of right-of-
way without a bond issue has been received by this Department.

      The answer to your question necessitates our con-
sideration of the authority, if any, of your Commissioners'
Court to purchase right-of-way out of the general funds of
the county, since your road and bridge fund is already pledged.
In passing on this question we can and will at the same time
consider the authority of the Commissioners' Court to levy a
tax for permanent improvements and pay for the right-of-way
out of that fund.

      Section 9, Article 8 of our Constitution reads, in
part, as follows:

      "....and no county, city or town shall levy
more than twenty-five cents for city or county pur-
poses, and not exceeding fifteen cents for roads
and bridges, and not exceeding fifteen cents to pay
jurors, on the one hundred dollars valuation, ex-
cept for the payment of debts incurred prior to the
adoption of the amendment September 25th, 1983; and
for the erection of public buildings, streets, sew-
ers, water works and other permanent improvements,
not to exceed twenty-five cents on the one hundred
dollars valuation, in any one year, and except as
is in this Constitution otherwise provided; and the
Legislature may also authorize an additional annual
ad valorem tax to be levied and collected for the
further maintenance of the public roads: provided,
that a majority of the qualified property taxpaying
voters of the county voting at an election to be
held for that purpose shall vote such tax, not to

exceed fifteen cents on the one hundred dollars
valuation of the property subject to taxation in
such county.   ......."

Thus, the Constitution makes a specific provision
for raising funds for roads and bridges in the county, streets
in the city and fixes a maximum rate of tax that may be levied
for those purposes.  It provides also that upon a vote of the
people an additional levy of fifteen cents per hundred dollars
may be made for maintenance of the public roads.  We think
this excludes the use of county funds raised under a specific
constitutional levy for any other purpose.  We do not believe
that a tax levied for permanent improvements could be applied
to the purchase of right-of-way.

The authority of the Commissioners' Court to trans-
fer funds from one designated fund to another is limited by
the constitutional restriction.  The Constitution contemplates
that as a matter of common honesty and fair dealing, tax
money taken from the people ostensibly for one purpose shall
be expended for that purpose alone.  The provisions of Section
9, Article 8 were designed not merely to limit the tax rate
for certain designated purposes, but to require any and all
money raised by taxation for any purpose to be applied, faith-
fully, to that purpose as needed therefor and not to any other
purpose or use whatsoever.

The people have fixed the maximum rate of taxation
for designated purposes and have limited the expenditure of
those funds to that purpose.  Thus, the whole matter has been
placed beyond the power and authority of the Commissioners'
Court and even of the legislature itself.  The court has no
more authority to purchase right-of-way out of the general
funds than it has to levy a tax for one purpose and spend the
money for some other purpose.  The law seems well settled
that the Commissioners' Court cannot levy a tax for one pur-
pose and use the money for another and it has no power to
transfer monies on hand, raised under constitutional levies
from one fund to another.  For authorities see Carroll v.
Williams, 202 S.W. 504; Ault v. Hill County, 116 S.W. 359;
Sanders v. Looney, 225 S. W. 280.

Your letter recites that all of your road and
bridge fund has been pledged.  We do not know if that means
your maximum constitutional levy of 15¢ for roads and bridges
has been levied and exhausted.  If your commissioners have
not levied the maximum rate allowed by the Constitution and
spent all of those funds, they may issue non-negotiable war-
rants, payable over a period of years.  For authority on this
proposition see Lasater v. Lopez, 217 S.W. 373.

It is the opinion of this department that your Commisssoners' Court does not have authority to purchase right-of-way out of the general funds of the county or levy a public improvement tax, and use the money for that purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Morris Hodges
Assistant

MH:AW:wc


APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS