

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
WILL WILSON
ATTORNEY GENERAL

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. 0-6446
Re: Is the cost of painting an office
in the Court House where there is
no new construction chargeable
against the General Fund Tax or
the Permanent Improvement Fund
Tax, under Article 8, Section 9,
of the Constitution of Texas?

We have your request for an opinion on the above matter, said request being as follows:

"Please furnish me with an opinion on the following matter.

"Is the cost for painting an office in the Court House where there is no new construction chargeable against the General Fund Tax or the Permanent Improvement Fund Tax under Article 8, Section 9 of the Constitution of Texas?

"This County has always charged the cost of painting various offices in the Court House to General Fund, classifying it as a maintenance cost, unless there was a new office constructed and in this case the cost of construction and painting was charged to Permanent Improvement Fund. However, the County Judge contends that the straight painting of an office is not a maintenance cost chargeable to the General Fund but is a charge against the Permanent Improvement Fund, so I will ask you please to furnish me with an opinion on the above question."

Article 8, Section 9 of the Constitution of Texas, is as follows:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the

taxes provided for the benefit of the public free
schools, shall never exceed thirty-five cents on
the one hundred dollars valuation; and no county,
city or town shall levy more than twenty-five cents
for city or county purposes, and not exceeding
fifteen cents for road and bridges, and not exceed-
ing fifteen cents to pay jurors, on the one hundred
dollars valuation, except for the payment of debts
incurred prior to the adoption of the amendment
September 25th, 1883; and for the erection of pub-
lic buildings, streets, sewers, water works and other
permanent improvements, not to exceed twenty-five
cents on the one hundred dollars valuation, in any
one year, and except as is in this Constitution other-
wise provided; and the Legislature may also authorize
an additional annual ad valorem tax to be levied and
collected for the further maintenance of the public
roads; provided, that a majority of the qualified
property tax-paying voters of the county voting at
an election to be held for that purpose shall vote
such tax, not to exceed fifteen cents on the one
hundred dollars valuation of the property subject
to taxation in such county. And the Legislature
may pass local laws for the maintenance of the pub-
lic roads and highways, without the local notice re-
quired for special or local laws."

Article 2352 of Vernon's Annotated Civil Statutes, giving
the Commissioners' Court power to levy taxes, is as follows:

"Said court shall have the power to levy and
collect a tax for county purposes, not to exceed
twenty-five cents on the one hundred dollars valua-
tion, and a tax not to exceed fifteen cents on the
one hundred dollars valuation to supplement the jury
fund of the county, and not to exceed fifteen cents
for roads and bridges on the one hundred dollars
valuation, except for the payment of debts incurred
prior to the adoption of the amendment of the Con-
stitution, September 25, A.D. 1883, and for the
erection of public buildings, streets, sewers, water
works and other permanent improvements, not to ex-
ceed twenty-five cents on the one hundred dollars
valuation in any one year, and except as in the Con-
stitution otherwise provided. They may levy an add-
itional tax for road purposes not to exceed fifteen
cents on the one hundred dollar valuation of the prop-
erty subject to taxation, under the limitations and
in the manner provided for in Article 8, Sec. 9, of
the Constitution and in pursuance of the laws relat-
ing thereto."

Article 2351 of such statute, which sets forth the power and duties of the Commissioners' Court, reads in part as follows:

". . . . . .

"7. Provided and keep in repair court houses, jails and all necessary public buildings. . . . ."

Your attention is directed to the fact that the above quoted section of the Constitution, as well as said Article 2352, provides for a fund for county purposes, which is generally called the General Fund, and a fund for the erection of public buildings, streets, sewers, water works and other permanent improvements, which is generally called the Permanent Improvement Fund. Subdivision 7 of Article 2351 authorizes the Commissioners' Court to provide and keep in repair court houses, jails and all necessary public buildings.

In the case of Sanders v. Looney et al 225 S.W. 280, the court was passing upon the validity of a tax of 23¢ on the $100 valuation of all taxable property in Bowie County for court house and jail repair purposes. The contention was made that the levy of said tax was void, because there was no constitutional or statutory authority to levy a special tax for the repairs of the court house and jail. In holding that said tax was not void for lack of authority to make the levy, the court said:

"The second ground of complaint we conclude should also be overruled. Article 8, § 9, of the Constituion provides:

"'And no county, city or town shall levy more than twenty-five cents for city or county purposes, * * * and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year. * * * *'

"And article 2242, Vernon's Sayles' Civil Statutes, provides:

"'Said court (commissioners') shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollar valuation * * * and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year. * * * *'

"The wording of the Constitution and statute are, as seen, the same. It enjoins upon the commissioners' court the duty to provide by special tax for the erection of public buildings and other permanent improvements. A courthouse and jail are in their nature public buildings, and the spirit at least of the law is both to require the commissioners to erect in the first instance a courthouse and a jail and then to keep them in suitable condition for the purposes of public buildings. In construing the very article of the Constitution above the Supreme Court said, in a case involving the levy of a special tax for repairs and additions to a courthouse:

"'The word "erect," contained in all the foregoing provisions, was the most comprehensive term that could be used to embrace all such improvements. to hold that a county whose courthouse, with proper repairs and additions, could be rendered commodious and useful in every respect, must pull it down and build an entirely new one, would be to charge our lawgivers with an intent to encourage an unnecessary expenditure of the public money. Such a consideration would not, in itself, authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to do an act not mentioned in terms, such construction of it is greatly aided by considerations of public advantage which it would certainly produce.' Brown v. Graham, 58 Tex. 254.

"As the Commissioners' Court had the power to levy the special tax, the levy would not be void for lack of authority to make the levy."

Accordingly, it is our opinion that the cost of painting an office in the Courthouse where there is no new construction is chargeable against the Permanent Improvement Fund.

Trusting that this satisfactory answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
Assistant

JWB:fb:wc

APPROVED MAR 20, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman