

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 21, 1952

Hon. J. Taylor Brite     Opinion No. V-1412
County Attorney
Atascosa County       Re: Authority of the Commis-
Jourdanton, Texas            sioners' Court to buy
                             improved real estate
                             from Jourdanton Independ-
                             ent School District to
                             provide additional pub-
Dear Sir:                  lic office space.

       Your request for an opinion of this of-
fice reads in part as follows:

     "The Commissioners' Court of Atasco-
sa County, Texas, which sits at Jourdan-
ton, Texas, the County Seat, has entered
into an agreement and contract with the
Jourdanton Independent School District
whereby the said school district agrees
to sell and the Commissioners' Court agrees
to buy certain real estate and improvements
situated at Jourdanton, Texas, for a con-
sideration of $70,000.00, (For full de-
tails under contract dated January 14,
1952, see true copy attached hereto and
marked 'Exhibit A').

     "The purpose for which these build-
ings are to be used is set out in the min-
utes of the said Commissioners' Court under
date of May 14, 1951, to wit:

     "'Whereas the Atascosa County Court-
house has become inadequate and addition-
al space is needed for public offices; and

     "'Whereas, the Commissioners' Court
has heretofore determined the advisability
and necessity of providing additional pub-
lic offices; . . .'

     "The consideration of $70,000.00 to
be paid by the Commissioners' Court for

said real estate is to be paid in cash
since the unincumbered balance in the
County Permanent Improvement Funds as
of January 1, 1952, is $76,368.41. The
1951 budget of Atascosa County has a pro-
vision for payment of $15,025.00, 'for
construction of buildings' and the 1952
budget includes a proper provision for
payment of $55,000.00 for construction
of buildings. On January 14, 1952, the
Commissioners' Court of Atascosa County,
Texas, entered the following order on
the minutes of the Court:

"'WHEREAS, the Commissioners' Court
of Atascosa County in contemplation of
the construction or purchase of buildings
to be used for county offices, provided
in the County Budget of August, 1951,
for the expenditure of $15,025.00 from
the Permanent Improvement Funds, in 1951.

"'AND WHEREAS, such expenditure was
not made in 1951 as contemplated, it now
becomes an emergency, by reason of unusual
and unforeseen circumstances which could
not, by reasonably diligent thought have
been foreseen, to make such expenditure
in 1952.

"'THEREFORE, the 1952 budget of
Atascosa County is hereby amended to au-
thorize the expenditure of $15,025.00
from the Permanent Improvement Fund for
the construction or purchase of buildings
in the year of 1952 in addition to the
$55,000.00 set up for that purpose in
original budget.'

"With the above amendment to the
1952 budget, a total of $70,025.00 is au-
thorized for the construction or purchase
of buildings."

"Based upon the above cited needs
and purposes for which to be used and the
minutes for financing same, is such a pur-
chase by the Commissioners' Court legal?"

The records in the office of the Central Education Agency reflect that the State Board of Education has approved the school district's application for the sale of the land in question, as required by Article 2773, V.C.S.

Subdivision 7 of Article 2351, V.C.S., authorizes the commissioners' court to "provide and keep in repair court houses, jails and all necessary public buildings." Under Article 2370, V.C.S., the commissioners' court may, when necessary, "provide buildings, rooms, or apartments at the county seat, other than the courthouse, for holding the sessions of the County Courts, District Courts, and for carrying on such other public business as may be authorized by the Commissioners Court." In Dancy v. Davidson, 183 S.W.2d 195 (Tex. Civ. App. 1944, error ref.), it was held that the term "public building" as used in Article 2351 means " a building used primarily for public or governmental purposes, that is, to house public or governmental agencies." It was further held that "the power to provide includes the power to purchase." It is clear, therefore, that the commissioners' court has the authority to purchase additional necessary public buildings. Although you do not state in your request which public offices will be housed in the building, the resolutions of the commissioners' court recite that the additional space is to be acquired for "public offices" and for "county offices." We assume that the building is to be used only for authorized purposes. Since the consideration for the contemplated purchase is to be paid in cash from funds now on hand in the Permanent Improvement Fund, the authority of the commissioners' court to finance the purchase through the issuance of bonds or time warrants is not involved. Accordingly, the holdings in Att'y Gen. Ops. V-1278 (1951) and O-7036 (1946), mentioned in your brief, are not relevant here.

Under Article VIII, Section 9, Constitution of Texas, and Article 2352, V.C.S., taxes levied for the Permanent Improvement Fund may be used for the "erection" of public buildings. In keeping with the holdings in Dancy v. Davidson, supra, and Brown v. Graham, 58 Tex. 254 (1883), we are of the opinion that the term "erection" includes purchase and that the cost of the building is properly payable out of the Permanent Improvement Fund.

The Dancy case held that the commissioners' court order there involved was insufficient to effect an amendment of the county budget under the provisions of Article 689a-11, V.C.S., reading:

". . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget are made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

The opinion pointed out that the order did not contain a finding that emergency conditions did in fact exist. But in its holding the court recognized the power of the commissioners' court to amend the budget so as to provide for the purchase of additional buildings if emergency conditions do in fact exist and if proper procedure is followed.

While the order adopted by the commissioners' court of Atascosa County on January 14, 1952, does not follow the exact statutory language or set out in detail the facts creating a grave public necessity for amendment of the budget, we are of the opinion that the order is sufficient to meet the objections as to form in the Dancy case. However, if the necessary facts justifying an amendment of the budget existed at the time the expenditure was incurred, the commissioners' court may later amend the order so as to reflect the conditions which existed at that time.

Morrison v. Kohler, 207 S.W.2d 951 (Tex. Civ. App. 1947, error ref. n.r.e.). What constitutes "grave public necessity" depends upon the facts in each case and is a question for the primary determination of the commissioners' court in the exercise of its prudent judgment. Att'y Gen. Ops. O-1022 (1939), O-5991 (1944). It is not within the province of this office to pass on fact questions, and we are not expressing an opinion as to the existence of facts warranting an amendment of the budget in this case.

## SUMMARY

Where the county courthouse has become inadequate and additional space is needed to house county officers or agents, the commissioners' court is authorized to purchase buildings for this purpose. The court may amend the county budget so as to provide for the purchase of such buildings if the conditions and requirements of Article 689a-11, V.C.S., are met. Dancy v. Davidson, 183 S.W.2d 195 (Tex. Civ. App. 1944, error ref.).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By ~~Bruce Allen~~
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh