

# The Attorney General of Texas

December 17, 1979

**MARK WHITE**
**Attorney General**

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

606 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-101

Re: Expenditure of county bond funds for an addition to a detention home.

Dear Mr. Resweber:

Your request for an opinion poses the following questions:

1.     May monies derived from sale of the bonds which were issued pursuant to Proposition No. One of the April 14, 1973, Harris County Bond Election be used for the construction of an addition on to the present Harris County Detention Home?

2.     May the said monies be used for the construction of a new separate detention home?

The bonds were issued under the authority of article 718, V.T.C.S., which provides in part, as follows:

[T]he Commissioners Court of a county may lawfully issue the bonds of said county for the following purposes:

1. To <u>erect</u> the county courthouse and jail, or either;
2. To purchase suitable sites within the county and <u>construct</u> buildings thereon to provide homes or schools for dependent and delinquent boys and girls or for either; . . .

(Emphasis added).

The bonds were voted for the purpose of "purchasing suitable sites within said county and constructing buildings thereon to provide homes or schools for dependent and delinquent boys and girls or for either." <u>Webster's</u>

New International Dictionary (2d ed. 1947), at 572, states that the verb "construct" is synonymous with the verb "erect."

In the case of Brown v. Graham, 58 Tex. 254 (Tex. 1883), regarding a question as to the authority of a commissioners court to levy a special tax for the purpose of building an addition to and repairing a courthouse, the Supreme Court of Texas said:

> It is claimed that the power to erect, repair or complete a public building does not include the power to make an addition to it. It is true that the county commissioners' court can levy no taxes unless the power to do so be plainly and unmistakenly conferred. The authority must be given either in express words or by necessary implication. 2 Dillon on Mun. Corp. § 763. It is no more than a reasonable construction of language, to hold that power to erect an entire building expressly authorizes the construction of a portion of it. It certainly does by necessary implication.
>
> . . . .
>
> To hold that a county whose court house, with proper repairs and additions, could be rendered commodious and useful in every respect, must pull it down and build an entirely new one, would be to charge our law-givers with an intent to encourage an unnecessary expenditure of the public money. Such a consideration would not, in itself, authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to do an act not mentioned in terms, such construction of it is greatly aided by considerations of public advantage which it would certainly produce.

58 Tex., at 256. See also Attorney General Opinion O-7078 (1946).

The opinions of this office construing article VII, section 17 of the Texas Constitution are also relevant to your question. This constitutional provision authorizes a tax "for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions of higher learning. . . ." Although these funds cannot be used to repair existing buildings, Attorney General Opinion V-848 (1949), they are available to finance a wing on an existing building. Attorney General Opinion V-1427 (1952), V-848 (1949); see also Attorney General Opinion H-1248 (1978). We believe the language of article 718, V.T.C.S., would also encompass the construction of an addition to an existing building.

Therefore, in view of the foregoing it is our opinion that the commissioners court has authority to expend such bond proceeds in the most practicable manner to provide homes or schools for dependent and delinquent children, whether such would be best accomplished by making additions to existing homes or schools, or by the construction of new separate homes or schools.

## SUMMARY

The Commissioners Court of Harris County is authorized by law to use bond proceeds for construction of additions to the existing juvenile detention home or for the construction of new facilities for such purpose.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
and  D. Ladd Pattillo
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Susan Lee Voss
Bruce Youngblood